USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/16/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                      :

TODD L. JOHNSON,                    :

                                   :

                          Plaintiff,  :           1:23-cv-10883-GHW-JLC

                                   :

                 -v-             :           ORDER

                                   :

WELLS FARGO BANK, N.A.,       :

                                   :

                    Defendant.  :

                                   :
----------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On June 26, 2024, Magistrate Judge James L. Cott issued a Report and Recommendation recommending that the Court grant Defendant's motion to dismiss in full.  Dkt. No. 22 ("R&R").

Plaintiff Todd L. Johnson filed this action *pro se*.  The Court agrees with the R&R's conclusion that, construed liberally, the complaint can be read to assert three claims against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"):  a violation of his due process rights under the Fourteenth Amendment; a violation of the Electronic Fund Transfer Act ("EFTA"); and a violation of New York Banking Law § 9-G ("Section 9-G").  R&R at 3–4.  In the R&R, Judge Cott recommended that Plaintiff's Fourteenth Amendment and EFTA claims be dismissed with prejudice.  *Id.* at 10–12.  As for Plaintiff's Section 9-G claim, the only non-federal claim asserted by Plaintiff, Judge Cott determined that Plaintiff had failed to adequately plead the claim and recommended a dismissal of the claim without prejudice.  *Id.* at 13–14.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).  Because Plaintiff received service by mail, he was entitled to an additional three days,

extending his deadline to submit any objections to seventeen days from the date on which he was mailed the order. Fed. R. Civ. P. 6(d). The Court reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

No objection to the R&R was submitted within the seventeen-day window. The Court has reviewed the R&R for clear error and finds none. *See Braunstein v. Barber*, No. 06 Civ. 5978 (CS) (GAY), 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining that a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record"). The Court, therefore, accepts and adopts the R&R in its entirety. For the reasons articulated in the R&R, Defendant's motion to dismiss, Dkt. No. 13, is GRANTED, and Plaintiff is granted leave to amend his Section 9-G claim.

In this Circuit, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *see also Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 148 n.4 (2d Cir. 2020) ("[L]eave to amend should be freely given unless there is 'any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182–83 (1962))). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)).

2

The R&R correctly concludes that Plaintiff's Fourteenth Amendment claim cannot be asserted against a private, non-governmental actor such as Wells Fargo. *See* R&R at 10. The R&R also correctly concludes that Plaintiff's EFTA claim does not involve an electronic fund transfer and is therefore outside the scope of the EFTA and that the claim is, in any case, time-barred. *Id.* at 12. The Court finds no clear error in these determinations. Because Plaintiff cannot assert his Fourteenth Amendment claim against Wells Fargo, a private entity, any amendment of the claim would be futile. Any amendment of Plaintiff's EFTA claim would also be futile because Plaintiff's claim is time-barred. As for Plaintiff's Section 9-G claim, the Court finds no clear error in the R&R's determination that the complaint fails to adequately plead the claim but could be repleaded.

Accordingly, Plaintiff's Fourteenth Amendment and EFTA claims are dismissed with prejudice, without leave to amend. Plaintiff's Section 9-G claim is dismissed without prejudice, with leave to amend. By no later than August 2, 2024, Plaintiff may file an amended complaint to replead his Section 9-G claim only and cure the deficiencies articulated in the R&R and the Court's order adopting it. If no amended complaint is filed by August 2, 2024, the Court will enter a final judgment of dismissal and direct the Clerk of Court to close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 13 and to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: July 16, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge

3